ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 6 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| MICHAEL BLACKWELL, RAYMOND DUNNIGAN, and JIMMY WILLIAMS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. |
| UNITED DRYWALL SUPPLY, INC. and CRAIG C. CHENGGIS, | ) ) ) ) | 1:07-CV-2351 |
| Defendants. | ) ) | -ODE |

## COMPLAINT

### I. NATURE OF CLAIM

PLAINTIFFS assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for unpaid overtime compensation, retaliation, liquidated damages, reasonable expenses of litigation and attorneys' fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the federal claims took place

1

within this Court's jurisdictional boundaries.

3. DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS are subject to the jurisdiction of this Court.

### III. PARTIES

4. PLAINTIFFS are current and former employees of DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS, employed at various times within the last three years from the date of the filing of this suit, who have been denied proper overtime compensation during the period of their employment and have suffered retaliation for complaining about FLSA violations.

5. DEFENDANT UNITED DRYWALL SUPPLY, INC. is a corporation incorporated under the laws of the State of Georgia and whose principal place of business is 1300 Canton Highway NE, Marietta, GA 30068, and is subject to personal service upon its registered agent, Craig C. Chenggis, 33 Old Friendship Lane, Dawsonville, Dawson County, GA 30534.

6. DEFENDANT UNITED DRYWALL SUPPLY, INC. is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

7. DEFENDANT CRAIG CHENGGIS is a principal of DEFENDANT UNITED DRYWALL SUPPLY, INC. and has control of the company's day-to-day operations and therefore is an employer within the meaning of the FLSA, 42 U.S.C.

2

§ 203(d) and is not exempt under the Act.

## IV. FACTUAL ALLEGATIONS

8. PLAINTIFFS at all relevant times were employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

9. PLAINTIFFS at all relevant times were nonexempt employees within the meaning of the FLSA.

10. PLAINTIFFS at all relevant times were employed as laborers and frequently worked over forty (40) hours per week.

11. PLAINTIFF MICHAEL BLACKWELL is a former employee of DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS. He was employed during the period 2002 to approximately April 2007.

12. PLAINTIFF RAYMOND DUNNIGAN is a former employee of DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS. He was employed during the period 2002 to approximately August 2006.

13. PLAINTIFF JIMMY WILLIAMS is a current employee of DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS. He has been employed from 2002 to the present.

14. Throughout the relevant period of this lawsuit, DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS did not pay PLAINTIFFS

proper overtime for time worked in excess of forty (40) hours per week.

15. Throughout the relevant period of this lawsuit, and going back to 2002, PLAINTIFFS and other employees entitled to overtime compensation frequently complained to members of management of DEFENDANT UNITED DRYWALL SUPPLY, INC. including DEFENDANT CRAIG CHENGGIS about being paid overtime compensation at an improperly low overtime rate.

16. In response to complaints by employees about being paid overtime compensation at an improperly low rate, management of DEFENDANT UNITED DRYWALL SUPPLY, INC. including DEFENDANT CRAIG CHENGGIS acknowledged that the rate was too low and DEFENDANT CRAIG CHENGGIS often promised that the rate would increase.

17. Indeed, since 2002, on several occasions DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS have increased the rate by which they have paid PLAINTIFFS and other employees overtime; however, in each case, the rate was far below the legally proper rate pursuant to applicable FLSA regulations.

18. In approximately April of 2007, DEFENDANT UNITED DRYWALL SUPPLY, INC., as a result of an investigation by the United States Department of Labor involving allegations of the improper payment of overtime compensation to

its laborer employees, made payments to various employees for past due overtime compensation.

19. The payments for past due overtime made by DEFENDANT UNITED DRYWALL SUPPLY, INC. to its employees, however, were far lower than what the employees were legally due.

20. As a result of PLAINTIFF JIMMY WILLIAMS participating in the Department of Labor investigation, DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS retaliated against him by giving him assignments that have resulted in PLAINTIFF WILLIAMS earning less than he did prior to the retaliation.

21. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

22. Throughout PLAINTIFFS' employment, DEFENDANTS UNITED DRYWALL SUPPLY, INC. and DEFENDANT CRAIG CHENGGIS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFFS the proper overtime compensation to which they were entitled.

## V. CLAIMS.

### COUNT ONE: Violation of Fair Labor Standards Act – Failure to Pay Proper Overtime Compensation

23. PLAINTIFFS reallege paragraphs 1 through 22 above and incorporate them by reference as if fully set forth herein.

24. By engaging in the above-described conduct, DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS.

25. As a direct and proximate result of the above-described conduct, PLAINTIFFS have lost wages in the form of unpaid overtime compensation.

26. Said violation gives rise to a claim for relief under the FLSA for PLAINTIFFS' unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

### COUNT TWO: Violation of Fair Labor Standards Act – Retaliation for Complaining about Failure to Pay Proper Overtime Compensation

27. PLAINTIFF JIMMY WILLIAMS realleges paragraphs 1 through 22 above and incorporate them by reference as if fully set forth herein.

28. DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG

CHENGGIS retaliated against WILLIAMS for complaining about DEFENDANTS' failure to pay him proper overtime compensation.

29. By retaliating against PLAINTIFF WILLIAMS for complaining about DEFENDANTS' failure to pay proper overtime compensation, DEFENDANTS violated 29 U.S.C. § 215(a).

30. As a direct and proximate result of the above-described conduct, PLAINTIFF WILLIAMS has suffered lost wages and benefits.

31. Said violation gives rise to a claim for relief under the FLSA for PLAINTIFF WILLIAMS'S lost wages and benefits, liquidated damages in an amount equal to his lost wages and benefits, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFFS respectfully pray that this Court do the following:

    a.    Require DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS to pay each of the PLAINTIFFS damages for past due overtime compensation that PLAINTIFFS would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

7

b.  Require DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS to pay PLAINTIFF WILLIAMS damages for retaliation as a result of his complaining about FLSA violations;

c.  Require DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS to pay each of the PLAINTIFFS liquidated damages as provided for under the Fair Labor Standards Act;

d.  Issue a declaratory judgment that DEFENDANTS UNITED DRYWALL SUPPLY, INC. and CRAIG CHENGGIS have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS;

e.  Award PLAINTIFFS their reasonable attorneys' fees and costs and expenses of suit; and

f.  Provide such other and further relief as the Court may deem just and proper.

Dated: September 26th, 2007.

Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.

Suite 14, 4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

Diane Cherry
Georgia Bar. No. 123391
THE CHERRY LAW FIRM, P.C.
1301 Shiloh Road
Kennesaw, Georgia 30144
(770) 444-3399
(770) 444-3376 (facsimile)
cherrylaw@mindspring.com

**COUNSEL FOR PLAINTIFFS**